UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremiah Berg,                                                   Case No. 4:21-cv-743

        Petitioner

v.                                                             MEMORANDUM OPINION
                                                                         AND ORDER

Mark Williams, Warden,

        Respondent

### BACKGROUND AND HISTORY

*Pro se* Petitioner Jeremiah Berg, an inmate in the Federal Correctional Institution in Oakdale, Louisiana filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was incarcerated in the Elkton, Ohio Federal Correctional Institution when he filed this Petition as a result of his conviction in 2011 in the United States District Court for the Eastern District of Wisconsin on charges related to drug trafficking and possession of firearms under disability. He claims he was charged in the indictment with also having two prior drug convictions in state court relative to trafficking in marijuana. Those conviction were used to enhance his sentence. He was sentenced to 240 months incarceration.

In this Petition, Petitioner claims that the definition of marijuana in the Wisconsin statute is broader than the definition of marijuana under the federal statute after the 2018 Farm Bill redefined hemp. He claims that where the federal statute is more narrowly defined than the state statute, the

state conviction cannot be used to enhance his federal sentence. He claims this makes him actually innocent of the enhancement and entitles him to relief under 28 U.S.C. § 2241.

### STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court may, however, dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### DISCUSSION

Petitioner is not entitled to relief under 28 U.S.C. §2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions

2

or imposition of their sentence" must assert such claim in the sentencing court under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under § 2255 for those claims are unsuccessful.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241; however, relief under that provision is extremely rare. Federal prisoners may challenge their convictions or sentences in a § 2241 Petition only if there is a change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).

Actual innocence in this context means that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462; *Bousley v. United States*, 523 U.S. 614, 623 (1998). Furthermore, the remedy under § 2255 is not inadequate or ineffective merely because § 2255 relief has already been denied, because the Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive § 2255 Motion to Vacate. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). In other words, Petitioner must point to a new decision holding that the substantive criminal statute under which he was convicted no longer reaches the conduct in which he engaged, and he must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. *Bousely*, 523 U.S. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137

(prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

Until recently, the Sixth Circuit had held that "claims involving 'actual innocence of a sentencing enhancement cannot be raised under § 2241.'" *See e.g., Jones v. Castillo*, 489 Fed. Appx. 864, 866 (6th Cir. 2012) (emphasis added). *See also Dowell v. Quintana*, 2017 U.S. App. Lexis 23409 at * 3 (6th Cir. Nov. 17, 2017). However, in *Hill*, supra, the Sixth Circuit found a petitioner may use § 2241 to challenge a sentencing enhancement if he can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595, 599. The Court cautioned, however, that this exception applies to a "narrow subset" of petitions, explaining as follows:

> In authorizing a petition under § 2241, we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre- *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

Here, Petitioner is challenging his sentencing enhancement. That claim must be raised in a Motion to Vacate under 28 U.S.C. § 2255. Petitioner cites to *Hill* and contends his claim can be raised under § 2241 through the § 2255 safety valve. That case, however, does not apply to Petitioner's case. He was not convicted under the mandatory guidelines in place prior to *Booker*. Petitioner cannot challenge his sentence in a § 2241 Petition.

4

## CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffery J. Helmick
United States District Judge